Filed 5/28/13: pub. order 6/21/13 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

| | |
|---|---|
| ROSINA JEANNE DRAKE, | C068747 |
| Plaintiff and Appellant, | (Super. Ct. No. PP20050111) |
| v. | |
| JANICE MARIE PINKHAM, as Trustee, etc., et al., | |
| Defendants and Respondents. | |

Plaintiff Rosina Jeanne Drake (Gina) appeals from a summary judgment entered in favor of defendants Janice and Daniel Pinkham, Gina's sister and brother-in-law, on Gina's petition to invalidate two amendments to a revocable trust (Prob. Code, § 17200)[1], for a declaration that defendants predeceased the decedent (§ 259, subd. (a)), for imposition of a constructive trust, and for damages. The trial court found that six of the eight causes of action alleged in the petition are barred by the applicable statutes of limitation, and the remaining causes of action are barred by principles of collateral estoppel. The trial court did not reach the issue of laches. Gina appeals, contending

---

[1] Further undesignated statutory references are to the Probate Code.

1

defendants "failed to meet their burden of establishing that any of the three affirmative defenses [upon which the summary judgment motion was based] constitutes a complete defense to [her] causes of action, and that the motion for summary judgment should have been denied." We shall affirm the summary judgment on the alternative ground of laches -- a theory the parties briefed and argued in the trial court and on appeal. (See *California School of Culinary Arts v. Lujan* (2003) 112 Cal.App.4th 16, 22 [summary judgment may be affirmed on any correct legal theory, as long as the parties had an adequate opportunity to address the theory in the trial court].) Accordingly, we need not consider whether the causes of action are also barred by the applicable statutes of limitation or the doctrine of collateral estoppel.

FACTUAL AND PROCEDURAL BACKGROUND

Gina and Janice are the children of Theodore and Josephine Citta, now deceased.[2] In 1988, Theodore and Josephine established the Revocable Trust Agreement of Theodore Citta and Josephine Citta (Living Trust), which they amended in 1992, 1993, and 1999. Upon the death of both Theodore and Josephine, or in the event neither was willing or able to serve as trustee, Janice and Gina were to serve as co-trustees. Theodore died on December 31, 1999, and in accordance with the terms of the Living Trust, the trust estate was divided into two separate trusts -- the irrevocable Theodore Citta and Josephine Citta Family Trust (Family Trust) and the revocable Josephine Citta Trust (Survivor's Trust). The Survivor's Trust was established for Josephine's sole benefit, and consisted of her separate property and her interest in her and Theodore's community estate. The balance of the trust estate was allocated to the Family Trust. Upon Josephine's death, all remaining assets of the Survivor's Trust were to be distributed to the beneficiaries of the Family Trust as follows: one-half to Janice; and one-half to Gina.

---

[2] To avoid confusion, we shall refer to the parties and the decedents by their first names; no disrespect is intended.

2

In 2001, Josephine executed a fourth amendment to the Survivor's Trust (Fourth Amendment), eliminating Gina as a beneficiary and naming Janice as the sole successor trustee. In 2004, Josephine executed a fifth amendment to the Survivor's Trust (Fifth Amendment), designating Janice as her acting co-trustee and sole successor trustee.

In June 2005, Gina filed a petition asking the court to confirm her appointment as an acting co-trustee of the Living Trust, as amended in 1992, 1993, and 1999, based on Josephine's alleged inability to care for herself or act as trustee, and Janice's alleged undue influence over her. According to Gina, following Theodore's death, Janice "began to progressively isolate Josephine" to the point that Gina no longer had contact with her mother, had "complete control over Josephine including her finances," and was acting as the sole trustee of the trust.

Josephine objected to the petition. While she admitted that Janice assisted her, she denied Janice had isolated her from Gina or that Janice had complete control over her or her finances. She also denied that she was unable to care for herself or act as trustee, or that Janice was acting as the sole trustee. In addition, she alleged that the Survivor's Trust had been amended in 2001 (Fourth Amendment) and 2004 (Fifth Amendment) and, as amended, made no provision for Gina to serve as "trustee, co-trustee, alternate trustee or successor trustee . . . ." Copies of the Fourth and Fifth Amendments were attached as exhibits to Josephine's objections, which were served on Gina's counsel.

Gina did not challenge the Fourth or Fifth Amendments. Rather, she entered into a settlement agreement, which was adopted as an order of the court in August 2006. In the settlement agreement, Josephine represented that she was the sole acting trustee of the Family Trust, and in her capacity as such and on behalf of all successor trustees, agreed "not [to] sell, encumber, lease, rent, transfer, or otherwise take any action affecting any real property of the Family Trust without prior notice to Gina . . . and Janice . . . , as provided herein."

Josephine died on October 29, 2009.

On November 12, 2009, Janice provided Gina with two "Notification[s] by Trustee" as required under section 16061.7 -- one for the Family Trust and one for the Survivor's Trust.

On March 9, 2010, Gina filed the underlying verified petition, seeking to invalidate the Fourth and Fifth Amendments to the Survivor's Trust based on lack of capacity and undue influence, a declaration that defendants be deemed to have predeceased Josephine pursuant to section 259, subdivision (a), imposition of a constructive trust, and damages. The petition alleged the following causes of action: lack of capacity (first), undue influence (second), breach of fiduciary duty (third), fraud (fourth), financial abuse of an elder (fifth), declaratory relief (sixth), imposition of a constructive trust (seventh), and mistake (eighth).

The first cause of action alleged Josephine "lacked the requisite mental capacity" at the time she executed the Fourth Amendment. The second cause of action alleged the Fourth and Fifth Amendments were the product of defendants' undue influence over Josephine. The third cause of action alleged defendants breached their fiduciary duties to Josephine by inducing her to execute the Fourth and Fifth Amendments. The fourth cause of action alleged defendants falsely, and with the intent to deceive, represented to Josephine that they would hold and administer her property for her and misrepresented the "nature and terms" of the Fourth and Fifth Amendments. The fifth cause of action alleged that defendants used their influence to induce Josephine to execute the Fourth and Fifth Amendments and took or assisted in taking Josephine's property. The sixth "cause of action" sought a declaration that defendants' predeceased Josephine pursuant to section 259, subdivision (a), based on the alleged acts that are the basis of the first through fourth causes of action. The seventh "cause of action" sought imposition of a constructive trust. The eighth cause of action alleged Josephine was mistaken as to the nature and extent of her assets at the time she executed the Fourth and Fifth Amendments.

4

In their verified answer to the petition, defendants denied the material allegations of wrongdoing and asserted various affirmative defenses, including that each of the causes of action alleged in the petition were barred by the applicable statutes of limitation, principles of res judicata, and the doctrine of laches.

Defendants moved for summary judgment on the grounds the causes of action were barred by the applicable statutes of limitation, principles of res judicata, and the doctrine of laches. Gina responded by filing a verified objection to defendants' memorandum of points and authorities in support of their motion. She did not file any separate statement in opposition to the motion, dispute any of the undisputed material facts, or present any of her own additional disputed facts. The trial court granted defendants' motion for summary judgment, finding the first and second causes of action for lack of capacity and undue influence were barred by principles of collateral estoppel, and the remaining causes of action were barred by the applicable statutes of limitations. It did not reach the issue of laches. In considering the motion, the trial court appears to have treated the factual allegations set forth in Gina's verified objection as a declaration in opposition to the motion for summary judgment.

## DISCUSSION

Summary judgment is properly entered where an action has no merit. (Code of Civ. Proc., § 437c, subd. (a).) A motion for summary judgment shall be granted where there is no triable issue as to any material fact and the moving party is entitled to a judgment as a matter of law. (*Id.*, subd. (c).) An action has no merit if a defendant establishes an affirmative defense to each and every cause of action alleged therein. (*Id.*, subd. (o).) In this case, defendants had to show that there is a complete defense to Gina's action. (*Id.,* subd. (p)(2).) Once defendants met that burden, the burden shifted to Gina to show that a triable issue of one or more material facts exists as to that defense. (*Ibid.*)

" 'We review the grant of summary judgment de novo. [Citation.] We make "an independent assessment of the correctness of the trial court's ruling, applying the same

legal standard as the trial court in determining whether there are any genuine issues of material fact or whether the moving party is entitled to judgment as a matter of law." ' " (*Howard Entertainment, Inc. v. Kudrow* (2012) 208 Cal.App.4th 1102, 1113.) We may affirm the summary judgment on any correct legal theory, as long as the parties had an adequate opportunity to address the theory in the trial court. (*California School of Culinary Arts v. Lujan, supra,* 112 Cal.App.4th at p. 22.)

" 'The defense of laches requires unreasonable delay plus either acquiescence in the act about which plaintiff complains or prejudice to the defendant resulting from the delay.' [Citation.]" (*Johnson v. City of Loma Linda* (2000) 24 Cal. 4th 61, 68.) Any delay is measured from the time the plaintiff knew (or should have known) about the alleged claim. (*Magic Kitchen LLC v. Good Things Internat., Ltd.* (2007) 153 Cal.App.4th 1144, 1157.) The prejudice may be factual in nature or compromise the presentation of a defense. (*San Bernardino Valley Audubon Society v. City of Moreno Valley* (1996) 44 Cal.App.4th 593, 605.) "Prejudice is never presumed; rather it must be affirmatively demonstrated by the defendant in order to sustain his burdens of proof and the production of evidence on the issue." (*Miller v. Eisenhower Medical Center* (1980) 27 Cal.3d 614, 624.)

In support of their assertion that Gina's action is barred by the affirmative defense of laches, defendants relied on the following undisputed facts: Gina was aware of the alleged wrongdoing she complains of in the underlying petition by the time she filed her original petition in 2005; Gina became aware of the Fourth and Fifth Amendments to the Survivor's Trust during the course of litigating the original petition; Josephine died in October 2009; and Gina filed the underlying action on March 9, 2010. While Gina states in her verified opposition to the summary judgment motion that she "became aware of the Fourth and Fifth Amendments to the trust when she received the notification from the trustee on November 12, 2009," she subsequently conceded that she was aware of the Fourth and Fifth Amendments "at the time the 2006 settlement agreement was entered

6

into." In any event, delay is measured from when the plaintiff knew or *should have known* of the alleged claims. (*Magic Kitchen LLC v. Good Things International, Ltd., supra,* 153 Cal.App.4th at p. 1157.) It is undisputed that Josephine raised the Fourth and Fifth Amendments in her objections to Gina's original 2005 petition, which were served on Gina's attorney, and which Gina subsequently reviewed. Accordingly, there is no dispute that Gina knew or should have known of the facts giving rise to the causes of action no later than August 2006, yet delayed in filing the underlying petition until March 2010, after Josephine's death.

On appeal, Gina raises a new argument: that she did not delay in asserting her rights because she lacked standing to challenge the validity of the Fourth and Fifth Amendments until after Josephine's death under sections 17200 and 15800. Although Gina did not raise this issue below, " 'the issue of standing is so fundamental that it need not even be raised below—let alone decided—as a prerequisite to our consideration.' [Citations.]" *(Matrixx Initiatives, Inc. v. Doe* (2006) 138 Cal.App.4th 872, 877; see also *Common Cause v. Board of Supervisors* (1989) 49 Cal.3d 432, 438 ["contentions based on a lack of standing involve jurisdictional challenges and may be raised at any time in the proceeding"].) Moreover, defendants addressed Gina's standing in their respondent's brief.

Turning to the merits, section 17200, subdivision (a), allows a trustee or beneficiary of a trust to petition the court concerning the trust's internal affairs except as provided in section 15800. Section 15800 states in pertinent part that "during the time that a trust is revocable and the person holding the power to revoke the trust is competent: [¶] (a) The person holding the power to revoke, and not the beneficiary, has the rights afforded beneficiaries under this division. [¶] (b) The duties of the trustee are owed to the person holding the power to revoke." The limitation placed on the rights of a beneficiary by section 15800 is consistent with the principle that "[p]roperty transferred into a revocable inter vivos trust is considered the property of the settlor for the settlor's

7

lifetime," and thus, "the beneficiaries' interest in that property is ' "merely potential" and can "evaporate in a moment at the whim of the [settlor]." ' " (*Estate of Giraldin* (2012) 55 Cal.4th 1058, 1065-1066.)

Gina asserts that "[a]t the time Josephine attached the two trust amendments to her objections in the 2005 proceeding, [the Survivor's] Trust was revocable, and there had been no determination that Josephine was incompetent. Therefore, . . . the only persons with standing to petition the court in 2005 to determine the validity of the two amendments were Josephine as the person with the power to revoke and as an acting co-trustee, and Janice as an acting co-trustee." We are not persuaded.

Under sections 17200 and 15800 a beneficiary lacks standing to challenge a trust so long as the "trust is revocable *and the person holding the power to revoke the trust is competent*." (§ 15800, italics added.) Here, Gina petitioned the trial court in 2005 to confirm her appointment as an acting co-trustee based on Josephine's alleged incompetency and defendants' alleged undue influence over her. The allegation of Josephine's incompetency takes this matter outside the terms of section 15800. As set forth in the Law Revision Commission Comments to section 17200, "The introductory clause of subdivision (a) has the effect of giving the right to petition concerning the internal affairs of a revocable living trust to the settlor (or other person holding the power to revoke) instead of the beneficiaries *during the time that the settlor (or other person holding the power to revoke) is competent.* See Section 15800 and the Comment thereto." (Cal. Law Revision Com. com., Deerings Ann. Prob. Code (2004 ed.) foll. § 17200, p. 547, italics added.) The Law Revision Commission Comments to section 15800 likewise provide, "This section has the effect of postponing the enjoyment of rights of beneficiaries of revocable trusts until the death *or incompetence* of the settlor or other person holding the power to revoke the trust." (Cal. Law Revision Com. com., Deerings Ann. Prob. Code (2004 ed.) foll. § 15800, p. 295, italics added.) As defendants note, "The language concerning the incompetence of the settlor would be wholly

8

superfluous if the beneficiary could not challenge competence until after the settlor's death." This point is also reinforced by the Restatement Third of Trusts, which we may look to for guidance. (*Lonely Maiden Productions, LLC v. GoldenTree Asset Management, LP* (2011) 201 Cal.App.4th 368, 379.) The preeminence of the settlor's rights, and the concomitant limitation on beneficiary rights, apply "to settlors or donees who have the mental capacity to exercise the power to revoke, withdraw, or appoint and to make and understand the business, financial, personal, and other judgments appropriate to the matters involved in an exercise of authority or control under this Section." (Rest.3d Trusts, § 74, com. a(2), p. 26.) "When the settlor or donee lacks the requisite mental capacity, the authority described and rules stated in this Section generally do not apply." (*Ibid.*) If "the settlor lacks this required capacity, the other beneficiaries are ordinarily entitled to exercise, on their own behalf, the usual rights of trust beneficiaries, and the trustee is ordinarily under a duty to provide them with accountings and other information concerning the trust and its administration . . . ." (Rest.3d Trust, § 74, com. e, p. 31.) Gina therefore had "the usual rights of trust beneficiaries" if, as she alleges, Josephine was incompetent. Thus, nothing in sections 17200 or 15800 precluded her from bringing the underlying action prior to Josephine's death. That she would have had the burden of proving Josephine's incompetence to establish her standing to pursue those claims does not excuse her delay.

Finally, Gina's failure to bring the action until after Josephine had passed away was necessarily prejudicial where, as here, each and every cause of action set forth in the underlying petition centered on Josephine -- her mental capacity, defendant's influence over her, and her understanding of the Fourth and Fifth Amendments and her estate. (See *Bono v. Clark* (2002) 103 Cal.App.4th 1409, 1420 [the death of an important witness may constitute prejudice]; *Stafford v. Ballinger* (1962) 199 Cal.App.2d 289, 296 [same].)

## DISPOSITION

The judgment is affirmed.  Defendants shall recover their costs on appeal.
(Cal. Rules of Court, rule 8.278(a).)


                                                       BLEASE            , Acting P. J.


We concur:


            NICHOLSON         , J.


            DUARTE            , J.

10

Filed 6/21/13

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

| | |
|---|---|
| ROSINA JEANNE DRAKE, | C068747 |
| Plaintiff and Appellant, | (Super. Ct. No. PP20050111) |
| v. | ORDER CERTIFYING OPINION FOR PUBLICATION |
| JANICE MARIE PINKHAM, as Trustee, etc., et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of El Dorado County, Nelson K. Brooks, Judge. Affirmed.

Carver Law Offices, Judy L. Carver; Law Offices of Tosh G. Yamamoto and David J. Richardson for Plaintiff and Appellant.

Murphy, Campbell, Guthrie & Alliston, George E. Murphy, Suzanne M. Nicholson; Cudney, Gwinup, Hoffman & Hoffman, William Gaffaney and Sheri L. Hoffman for Defendants and Respondents.

11

THE COURT:

The opinion in the above-entitled matter filed on May 28, 2013, was not certified for publication in the Official Reports. For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

BY THE COURT:


    BLEASE           , Acting P. J.


    NICHOLSON        , J.


    DUARTE           , J.

12