Filed 8/14/18; Certified for publication 9/10/18 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JOAN MAURI BAREFOOT, | F076395 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. PR11414) |
| JANA SUSAN JENNINGS et al., | **OPINION** |
| Defendants and Respondents. | |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tuolumne County. Kate Powell Segerstrom, Judge.

The Singhal Law Firm and Dinesh H. Singhal for Petitioner and Appellant.

Gianelli & Associates, Eric T. Nielsen and Sarah J. Birmingham for Defendants and Respondents.

-ooOoo-

Appellant Joan Mauri Barefoot appeals following the trial court's decision to dismiss her petition under Probate Code section 17200[1] to, among other things, set aside the 17th through 24th amendments and declare effective the 16th amendment to the Maynord 1986 Family Trust (Trust). The trial court dismissed the petition on standing grounds. For the reasons set forth below, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

According to the petition, appellant is one of six children of Joan Lee Maynord. Maynord and her former husband, who died in 1993, established the Trust in 1986 and Maynord served as the sole trustor following her husband's death. Respondents are two more of Maynord's children, with Shana Wren serving as the current trustee of the Trust. The remaining three children, one of whom predeceased Maynord, are not a part of this litigation.

In or around August 2013 and continuing through 2016, Maynord executed a series of eight amendments to and restatements of the Trust, referred to as the 17th through the 24th amendments. The 24th amendment was the final amendment prior to Maynord's death. In these amendments and restatements, appellant's share of the Trust, as set out in the 16th amendment, was eliminated and appellant was both expressly disinherited and removed as a successor trustee. At the same time Wren was provided with a large share of the Trust and named successor trustee.

Appellant's petition challenged the validity of these amendments on three grounds. In the first, appellant alleged Maynord was "not of sound and disposing mind" and thus lacked the "requisite mental capacity to amend the Trust." In the second, appellant alleged undue influence on behalf of respondents and included a lengthy factual recitation of the family dispute she believed led to her disinheritance. In the third,

---

**1**     All further statutory references are to the Probate Code unless otherwise stated.

2.

appellant alleged fraud on behalf of respondents, relying on similar facts as in the second ground. Appellant further attached the 16th and 24th amendments.

With respect to her standing to file the petition, appellant alleged she was "a person interested in both the devolution of [Maynord's] estate and the proper administration of the Trust because [appellant] is [Maynord's] daughter and both the trustee and a beneficiary of the Trust before the purported amendments. She will benefit by a judicial determination that the purported amendments are invalid, thereby causing the Trust property to be distributed according to the terms of the Trust that existed before the invalid purported amendments."

Respondents filed an answer to appellant's petition and followed that with a motion to dismiss pursuant to sections 17200 and 17202. As part of their motion, respondents argued appellant lacked standing under section 17200 because she was neither a beneficiary nor a trustee of the Trust as constituted under the 24th amendment. Appellant opposed the motion by arguing she was a beneficiary under the 16th amendment and alleging that later versions of the Trust were invalid. The trial court ultimately sided with respondents and dismissed appellant's petition without prejudice. Appellant responded by seeking reconsideration of the ruling and attaching a proposed amended petition including additional facts relevant to her claims the later amendments were invalid and additional grounds for setting aside the amendments. The trial court denied appellant's request and this appeal timely followed.

## DISCUSSION

*Standard of Review and Applicable Law*

Section 17200, subdivision (a) provides, "Except as provided in Section 15800, a trustee or beneficiary of a trust may petition the court under this chapter concerning the internal affairs of the trust or to determine the existence of the trust." Under section 24,

3.

subdivision (c), a beneficiary of a trust is "a person to whom a donative transfer of property is made" and "who has any present or future interest, vested or contingent."

"Property transferred into a revocable inter vivos trust is considered the property of the settlor for the settlor's lifetime. Accordingly, the beneficiaries' interest in that property is ' "merely potential" and can "evaporate in a moment at the whim of the [settlor]." ' " (*Estate of Giraldin* (2012) 55 Cal.4th 1058, 1065–1066.) Unless expressly made irrevocable, trusts are revocable by the settlor by compliance with any method of revocation provided in the trust or by a writing signed by the settlor and delivered to the trustee during the lifetime of the settlor, among others. (§§ 15400, 15401.)

We review issues of standing, particularly those dependent upon a statutory authority to sue, de novo. (*Babbitt v. Superior Court* (2016) 246 Cal.App.4th 1135, 1143.)

*Appellant Lacks Standing Under Section 17200*

Appellant's petition alleges standing exists because she was a beneficiary and trustee of a prior version of the Trust. We conclude this basis is insufficient to support a petition under section 17200.

In interpreting the statute, we " ' "begin with the plain language of the statute, affording the words of the provision their ordinary and usual meaning and viewing them in their statutory context, because the language employed in the Legislature's enactment generally is the most reliable indicator of legislative intent." [Citations.] The plain meaning controls if there is no ambiguity in the statutory language.' [Citation.] In interpreting a statutory provision, 'our task is to select the construction that comports most closely with the Legislature's apparent intent, with a view to promoting rather than defeating the statutes' general purpose, and to avoid a construction that would lead to unreasonable, impractical, or arbitrary results.' " (*Poole v. Orange County Fire Authority* (2015) 61 Cal.4th 1378, 1384–1385.)

4.

The plain language of section 17200 makes clear that only a beneficiary or trustee of a trust can file a petition under section 17200. A beneficiary is further defined by statute as one that receives a present or future interest, whether vested or contingent, through a donative transfer from the trust. Under the 24th amendment of the Trust, appellant is not a beneficiary as she is expressly disinherited under that document and is not named as a trustee. She thus lacks standing to proceed with a petition under section 17200 attacking that trust.[2]

Appellant seeks to avoid this outcome by arguing her petition actually arises under the 16th amendment, where she allegedly qualifies as both a beneficiary, provided with a substantial future transfer, and a trustee. Appellant alleges that proceeding as if the 17th through 24th amendments are valid, in light of her allegations they are not, assumes respondents will prevail on the merits and is inappropriate at such an early stage of the proceedings. We do not agree.

Appellant has invoked a specific proceeding under the Probate Code designed to allow beneficiaries and trustees operating under a trust agreement to resolve their disputes in court despite the fact that "[t]he administration of trusts is intended to proceed expeditiously and free of judicial intervention." (§ 17209.) Separate proceedings against the trustee in his or her official or personal capacities are already available to resolve disputes regarding the validity of proffered trust agreements and are not foreclosed by the existence of section 17200. (See *Lintz v. Lintz* (2014) 222 Cal.App.4th 1346, 1349–1350, 1358 [where plaintiffs brought complaint alleging causes of action similar to the allegations in this case and defendant was not harmed by failure to file under section 17200].) Further, in appellant's petition she admits that the most current version

---

[2] Appellant's detailing of all the reasons why she has standing under various other statutes demonstrates cleanly that appellant's chosen vehicle was improper. A complaint alleging the same causes of action would not be barred by the beneficiary limitation of section 17200.

of the Trust's governing documents is contained in the 24th amendment, but alleges through the petition that those provisions should be set aside.  In this way, appellant is not seeking to resolve disputes regarding the internal affairs of the 16th amendment.  Indeed, absent a judicial declaration that later versions are invalid, the 16th amendment no longer exists as a valid trust document.  Rather, appellant is contesting the internal affairs of the 24th amendment, seeking to upend the instructions contained therein because they were inappropriately preceded by mental incapacity, fraud, and undue influence.

We likewise find the cases appellant relies upon to argue section 17200 extends to beneficiaries existing only under prior versions of contested trusts unpersuasive.  The plain language of section 17200 demonstrates that only beneficiaries and trustees of the current trust version have standing to petition for review of the internal affairs of that trust.  As any potential interest in an inter vivos trust is subject to the whim of the settlor, it would be imprudent to open challenges to the internal workings of the current trust to those no longer included in the most current version of the trust when such individuals have alternative methods of seeking relief should they allege foul play.

We note that appellant's most analogous case, *Drake v. Pinkham* (2013) 217 Cal.App.4th 400, does not foreclose our conclusion here.  In *Drake*, a former beneficiary filed a petition under section 17200 alleging more recent amendments to a trust were invalid due to a lack of capacity by the settlor and undue influence by the new trustee. (*Drake,* at pp. 404–405.)  The court of appeal reviewed the former beneficiary's prior knowledge of amendments and found the defense of laches applied to preclude her current petition.  (*Id*. at pp. 406–407.)  In this analysis, the Court of Appeal noted that the former beneficiary argued laches could not apply because she was barred from challenging the amendments under sections 17200 and 15800 while the settlor was alive. (*Drake,* at p. 407.)  The court found, however, that while section 15800 precluded suits by beneficiaries while the settlor was competent, allegations of incompetence were

sufficient to overcome this bar. (*Drake,* at pp. 408–409.) Thus, the court noted, where one alleges incompetence, they retain " 'the usual rights of trust beneficiaries' " under the relevant statutes. (*Id.* at p. 409.)

Our ruling here comports with the general conclusion in *Drake* that claims of incompetence provide beneficiaries with their usual rights when challenging trusts. *Drake* stands for the unremarkable position that an allegation of incompetence provides sufficient grounds for a beneficiary of a trust to proceed with a petition under section 17200, while noting that the beneficiary will ultimately have to demonstrate incompetence to maintain their standing. It does this by rejecting the claim that a settlor's status as living wholly precludes any opportunity to challenge the trust. What *Drake* does not do is suggest a former beneficiary can proceed under section 17200.

While the former beneficiary in *Drake* raised section 17200 in her defense against a laches finding, the court's analysis of the laches issue made no mention of the proper vehicle to proceed when a former beneficiary is contesting later trust amendments. The court merely concluded that those raising challenges based on incompetence are not barred from proceeding while the settlor lives. Thus, under *Drake*, if appellant had raised her claims of incompetence when she alleges Maynord became incompetent—at a point when appellant was still a beneficiary—appellant could have proceeded under section 17200. Relatedly, if she raised incompetence claims in a complaint following her removal as a beneficiary, a point in time allegedly three months after the amendment providing her with a large potential gift under the Trust, she likewise would not have lacked standing under section 15800 on grounds the settlor was alive. But these hypotheticals do not affect whether a petition under section 17200 or a properly drafted complaint is the proper vehicle for pursuing such claims after the settlor's death. As section 17200 provides a narrowly defined right only to beneficiaries and trustees of the contested trust, the conclusion in *Drake* that a living but incompetent settlor is not a bar

7.

to a beneficiary's lawsuit does not demonstrate a former beneficiary challenging the latest version of a trust is entitled to proceed because of their status in the last allegedly valid former trust document. As noted above, in such a situation the challenge is brought against the validity of the most recent version of the trust and, therefore, a former beneficiary lacks standing to petition for relief under section 17200.

## DISPOSITION

The order is affirmed. Costs are awarded to respondents.


_____
HILL, P.J.

WE CONCUR:


_____
POOCHIGIAN, J.


_____
MEEHAN, J.

Filed 9/10/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JOAN MAURI BAREFOOT,<br><br>     Plaintiff and Appellant,<br><br>          v.<br><br>JANA SUSAN JENNINGS et al.,<br><br>     Defendants and Respondents. | F076395<br><br>(Tuolumne Super. Ct. No. PR11414)<br><br>**ORDER GRANTING REQUEST<br>FOR PUBLICATION** |

As the nonpublished opinion filed on August 14, 2018, in the above entitled matter hereby meets the standards for publication specified in the California Rules of Court, rule 8.1105(c), it is ordered that the opinion be certified for publication in the Official Reports.

HILL, P.J.

WE CONCUR:


POOCHIGIAN, J.


MEEHAN, J.