Reposted corrected version

# IN THE SUPREME COURT OF CALIFORNIA

JOAN MAURI BAREFOOT,
Plaintiff and Appellant,

v.

JANA SUSAN JENNINGS et al.,
Defendants and Respondents.

S251574

Fifth Appellate District
F076395

Tuolumne County Superior Court
PR11414

January 23, 2020

Justice Chin authored the opinion of the Court, in which Chief Justice Cantil-Sakauye and Justices Corrigan, Liu, Cuéllar, Kruger, and Groban concurred.

BAREFOOT v. JENNINGS
S251574

Opinion of the Court by Chin, J.

If amendments to a revocable trust made shortly before the settlor dies disinherit a beneficiary, does that individual, as one who is not named in the trust's final iteration, have standing to challenge the validity of the disinheriting amendments in probate court on grounds such as incompetence, undue influence, or fraud?

The Court of Appeal interpreted Probate Code section 17200, subdivision (a),[1] which provides that "a trustee or beneficiary of a trust may petition the court under this chapter concerning the internal affairs of the trust or to determine the existence of the trust," as permitting *only* a currently named beneficiary to make such a petition. It further concluded that because the plaintiff was no longer a named beneficiary, she lacked standing to challenge the validity of the amendment that eliminated her interest under section 17200.

We disagree with the Court of Appeal, and hold today that the Probate Code grants standing in probate court to individuals who claim that trust amendments eliminating their beneficiary status arose from incompetence, undue influence, or fraud.[2]

---

[1]  All further statutory references are to the Probate Code unless otherwise indicated.

[2]  We do not decide here whether an heir who was never a trust beneficiary has standing under the Probate Code to challenge that trust.

1

## I.  FACTUAL AND PROCEDURAL HISTORY

Because no party petitioned the Court of Appeal for a rehearing, we take this factual and procedural discussion largely from that court's opinion.  (*Barefoot v. Jennings* (2018) 27 Cal.App.5th 1, 3-4 (*Barefoot*); see Cal. Rules of Court, rule 8.500(c)(2).)

The underlying petition in probate court alleges the following:  Joan Lee Maynord and her now deceased husband established the Maynord Family Trust (Trust) in 1986.  After her husband's death in 1993, Maynord served as the sole trustor.  Plaintiff Joan Mauri Barefoot (plaintiff), one of Maynord's daughters, was a beneficiary and successor trustee under the Trust.  Two of Joan Lee Maynord's other daughters, Jana Susan Jennings and Shana Wren (collectively defendants), were also beneficiaries.  (Maynord's three other children, one deceased, are not involved in this litigation.)

"In or around August 2013 and continuing through 2016, Maynord executed a series of eight amendments to and restatements of the Trust, referred to as the 17th through the 24th amendments.  The 24th amendment was the final amendment prior to Maynord's death.  In these amendments and restatements, [plaintiff's] share of the Trust, as set out in the 16th amendment, was eliminated and [plaintiff] was both expressly disinherited and removed as a  successor trustee. At the same time Wren was provided with a large share of the Trust and named successor trustee." (*Barefoot, supra,* 27 Cal.App.5th at p. 4.)

After Maynord's death on August 20, 2016, plaintiff filed a petition in probate court alleging the amendments disinheriting her were invalid on three grounds: (1)  Maynord was incompetent to make the amendments; (2) the amendments

were the product of defendants' undue influence; and (3) the amendments were the product of defendants' fraud. Regarding standing, the petition alleged that plaintiff was "a person interested in both the devolution of [Maynord's] estate and the proper administration of the Trust because [plaintiff] is [Maynord's] daughter and both the trustee and a beneficiary of the Trust before the purported amendments. She will benefit by a judicial determination that the purported amendments are invalid, thereby causing the Trust property to be distributed according to the terms of the Trust that existed before the invalid purported amendments. Therefore, [plaintiff] has standing to bring this petition."

Defendants moved to dismiss the petition under sections 17200 and 17202 (authorizing dismissal of a petition if reasonably necessary to protect the Trust), arguing that plaintiff lacked standing because she was neither a beneficiary nor a trustee under the Trust. Plaintiff responded that she had standing because she was a beneficiary before the amendments — which, she argued, were invalid — were executed. The trial court ultimately agreed with defendants and dismissed the petition. Plaintiff appealed.

The Court of Appeal affirmed judgment in defendant's favor. We granted plaintiff's petition for review to resolve the narrow standing question.

## II. DISCUSSION

Underlying this action is the revocable trust that Maynord and her deceased husband created in 1986. "A revocable trust is a trust that the person who creates it, generally called the settlor, can revoke during the person's lifetime." (*Estate of Giraldin* (2012) 55 Cal.4th 1058, 1062, fn. omitted.) The primary duty of a court in construing a trust is to give effect to

the settlor's intentions. (*Brock v. Hall* (1949) 33 Cal.2d 885 (*Brock*).)

Our review concerns whether plaintiff has standing to assert the invalidity of the Trust amendments that left her without an interest in her mother's trust estate. In concluding that plaintiff does not have standing to challenge the amendments to the Trust, the Court of Appeal suggested that plaintiff relied exclusively on section 17200, subdivision (a), which provides: "Except as provided in Section 15800, a trustee or beneficiary of a trust may petition the court under this chapter concerning the internal affairs of the trust or to determine the existence of the trust." Section 15800 generally provides that so long as the trust remains revocable (that is, as long as the settlor is alive) and the settlor is competent, the settlor, "and not the beneficiary, has the rights afforded beneficiaries under this division." (*Id.*, subd. (a); see *Estate of Giraldin, supra*, 55 Cal.4th at p. 1066.) Here, the settlor (Maynord) has died, so section 15800 is no longer relevant.

The Court of Appeal interpreted section 17200's reference to "a trustee or beneficiary" in subdivision (a) to mean that even wrongly disinherited beneficiaries are prohibited from making the petition. As we will explain, the Court of Appeal's approach runs counter to both the Probate Code and cases interpreting it.

Initially, we note that when a demurrer or pretrial motion to dismiss challenges a complaint on standing grounds, the court may not simply assume the allegations supporting standing lack merit and dismiss the complaint. Instead, the court must first determine standing by treating the properly pled allegations as true. If, having taken the allegations as true, the court finds no standing, it should sustain the demurrer or dismiss the petition. If it finds standing by contrast, the court should allow the

litigation to continue. (*Warth v. Seldin* (1975) 422 U.S. 490, 501 [standing in federal courts]; *Estate of Plaut* (1945) 27 Cal.2d 424, 426, 429-430 [will contest].)

The applicable Probate Code provisions support plaintiff's standing to challenge the merits of the Trust amendments on the grounds of incompetence, undue influence, or fraud. Section 17200, subdivision (a), authorizes a beneficiary to petition the court concerning the trust's affairs "or to determine [its] existence." Section 17200, subdivision (b)(3) contemplates the court's determination of "the validity of a trust provision." Plainly, the term "trust provision" incorporates any amendments to a trust. Section 24, subdivision (c) defines a "beneficiary" for trust purposes, as "a person who has any present or future interest, vested or contingent." Assuming plaintiff's allegations are true, she has a present or future interest, making her a beneficiary permitted to petition the probate court under section 17200.

Years ago, this court observed that as a general matter, the Probate Code " 'was intended to broaden the jurisdiction of the probate court so as to give that court jurisdiction over practically all controversies which might arise between the trustees and those claiming to be beneficiaries under the trust.' " (*Estate of Bissinger* (1964) 60 Cal.2d 756, 765 (*Bissinger*), quoting *Estate of Marre* (1941) 18 Cal.2d 184, 187.) The wisdom of those decisions has not lessened over time. More recently, the Court of Appeal in *Estate of Heggstad* (1993) 16 Cal.App.4th 943 explained that an expansive reading of the standing afforded to trust challenges under section 17200 "not only makes sense as a matter of judicial economy, but it also recognizes the probate court's inherent power to decide all incidental issues necessary to carry out its express powers to supervise the administration

of the trust." (*Estate of Heggstad*, at p. 951.) Other Courts of Appeal that have addressed the same question are in agreement. (*Drake v. Pinkham* (2013) 217 Cal.App.4th 400, 407-409 [individual petitioned under § 17200 claiming two amendments to a trust that disinherited her were invalid on the ground the settlor was incompetent]; *Conservatorship of Irvine* (1995) 40 Cal.App.4th 1334, 1341 ["it is clear from viewing section 17200 as a whole that a probate court has jurisdiction over both inter vivos and testamentary trusts to entertain petitions for instructions regarding the validity (and thus, invalidity) of trust agreements or amendments"].)

Reading the Probate Code section consistent with the statutory scheme as a whole, and examining the statutory language to give it commonsense meaning, we conclude that claims that trust provisions or amendments are the product of incompetence, undue influence, or fraud, as is alleged here, should be decided by the probate court, if the invalidity of those provisions or amendments would render the challenger a beneficiary of the trust. (See *Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737 [courts should not examine statutory language in isolation].) So when a plaintiff claims to be a rightful beneficiary of a trust if challenged amendments are deemed invalid, she has standing to petition the probate court under section 17200.

Defendants argue that interpreting section 17200 to permit purported beneficiaries to challenge a trust or its amendments would "invite chaos" because it would permit individuals with no present interest in the trust to "meddle" with its administration. We think defendants overstate the matter. Our holding does not allow individuals with no interest in a trust to bring a claim against the trust. Instead, we permit

those whose well-pleaded allegations show that they have an interest in a trust — because the amendments purporting to disinherit them are invalid — to petition the probate court.

Additionally, section 17206 provides the probate court with wide latitude to "make any orders and take any other action necessary or proper to dispose of the matters presented by the petition." This section supports a finding of standing here. We have held that although the probate court has no general equity jurisdiction, it does have the power to apply equitable and legal principles in order to assist its function as a probate court. (*Bissinger, supra,* 60 Cal.2d at pp. 764-765.) Indeed, the probate court is given broad jurisdiction " 'over practically all controversies that might arise between the trustees and those claiming to be beneficiaries of the trust.' " (*Id.* at p. 765, quoting *Estate of Marre, supra,* 18 Cal.2d at p. 187.) Using such discretion, the court can preserve trust assets and the rights of all purported beneficiaries while it adjudicates the standing issue. As one court explained, interpreting section 17200 as we do here "not only makes sense as a matter of judicial economy, but it also recognizes the probate court's inherent power to decide all incidental issues necessary to carry out its express powers to supervise the administration of the trust." (*Estate of Heggstad*, *supra*, 16 Cal.App.4th at p. 951.)[3]

---

[3] We also note that defendants' restrictive interpretation of the Probate Code does not promote the public interest in preventing the administration of trust property that is procured through fraud or undue influence. This interest is expressed most clearly in section 21380, which provides that certain donative transfers (e.g., transfers to the drafter of the trust or to the settlor's caregiver) are presumptively the product of fraud or undue influence. Courts have held that "no contest" provisions

Defendants also contend that section 850 allows "any interested person" to file a petition to take certain actions challenging title and property transfer issues, and provides the *exclusive* means to challenge trust provisions. That section concerns "the transfer of property of the trust." (See § 17200.1.) We need not examine in detail what section 850 does and does not do because plaintiff is asserting her standing as a beneficiary to challenge the validity of several amendments to the Trust only, and not contesting any transfer or sale of property into or out of the Trust. We therefore leave the statute's interpretation to a future case.

To hold other than we do today would be to insulate those persons who improperly manipulate a trust settlor to benefit themselves against a probate petition. Today's narrow holding in fact provides an orderly and expeditious mechanism for limited challenges like plaintiff's to be litigated early in the probate process, in probate court, and to ensure that the settlor's intent is honored. (See *Brock, supra,* 33 Cal.2d a p. 885.)

---

in trusts cannot be used to avoid this section because that would undermine the Legislature's intent to deter persons from procuring trust benefits through fraud or undue influence. (*Graham v. Lenzi* (1995) 37 Cal.App.4th 248, 256.) Similarly, where a person fraudulently induces a settlor to amend a trust so that it transfers all of the settlor's estate to that person and disinherits all prior beneficiaries, it would undermine the public interest if a court were to rule that those valid beneficiaries had no standing to contest the fraudulently procured amendment.

### III. CONCLUSION

We reverse the judgment of the Court of Appeal and remand the matter to that court for further proceedings consistent with this opinion.

**CHIN, J.**

**We Concur:**

**CANTIL-SAKAUYE, C. J.**
**CORRIGAN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**KRUGER, J.**
**GROBAN, J.**

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** Barefoot v. Jennings

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 27 Cal.App.5th 1
**Rehearing Granted**

_____

**Opinion No.** S251574
**Date Filed:** January 23, 2020

_____

**Court:** Superior
**County:** Tuolumne
**Judge:** Kate P. Segerstrom

_____

**Counsel:**

The Singhal Law Firm, Dinesh H. Singhal; Law Offices of Nathan D. Pastor and Nathan D. Pastor for Plaintiff and Appellant.

Anglin Flewelling, Robert Collings Little; Haskett Law Firm and Amber C. Haskett for Bonnie Sterngold as Amicus Curiae on behalf of Plaintiff and Appellant.

Artiano Shinoff, Howard A. Kipnis, Steven Barnes; Forethought Law, Bryan L. Phipps; The Law Office of Ciarán O'Sullivan, Ciarán O'Sullivan; McCormick Barstow and Herbert A. Stroh for Executive Committee of the Trusts and Estates Section of the California Lawyers Association as Amicus Curiae on behalf of Plaintiff and Appellant.

Jones & Lester, Mark A. Lester and Theresa Loss for Ventura County Bar Association – Probate and Estate Planning Section as Amicus Curiae on behalf of Plaintiff and Appellant.

Law Offices of Nancy Reinhardt and Nancy Reinhardt for San Fernando Valley Bar Association – Trusts and Estates Section as Amicus Curiae on behalf of Plaintiff and Appellant.

Astor & Kingsland and Lya R. Kingsland for Orange County Bar Association – Trusts and Estates Section as Amicus Curiae on behalf of Plaintiff and Appellant.

Arnold & Porter Kaye Scholer, Sean M. SeLegue; Gianelli & Associates, Gianelli | Nielsen, Eric T. Nielsen, Michael L. Gianelli and Sarah J. Birmingham for Defendants and Respondents.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Nathan D. Pastor
Law Offices of Nathan D. Pastor
2033 N. Main St., Ste. 750
Walnut Creek, CA 94596
(925) 322-1012

Herbert A. Stroh
McCormick Barstow, LLP
656 Santa Rosa Street, Suite 2A
San Luis Obispo, CA 93406
(805) 541-2800

Sean M. SeLegue
Arnold & Porter Kaye Scholer LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
(415) 471-3100