Filed 8/18/20  Kirkman v. Farmers and Merchants etc. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

|  |  |
|---|---|
| ROSE SHARON KIRKMAN, | B295647 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 17STPB10990) |
| v. | |
| FARMERS AND MERCHANTS TRUST COMPANY OF LONG BEACH et al., as Trustees, etc., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, Daniel Juarez, Judge.  Reversed.

Law Offices of Jon Udewitz, Jonathan J. Udewitz, Hannah Nachef; Jeff Lewis Law, Jeffrey Lewis and Sean C. Rotstan for Plaintiff and Appellant.

Moore Bryan Schroff & Inoue, Christopher M. Moore, Robert T. Downs; Snell & Wilmer and Todd E. Lundell for Defendants and Respondents.

————————————

Rose Sharon Kirkman appeals from a probate order denying her petition contesting the Rudolph Charles Trust. Both parties say we should reverse the order due to an intervening Supreme Court case. We agree and reverse.

Kirkman says she was one of three heirs to the trust of her uncle, Rudolph Charles. Charles signed a trust in 2010, and he signed restatements in May 2011, November 2011, and June 2014. Charles died thereafter.

The respondents are Farmers and Merchants Trust Company of Long Beach (Trust Company), the trustee according to the 2010 trust, and Richard B. Martin, the former trustee.

In January 2018, Kirkman filed a petition to contest the trust. Kirkman said she was a beneficiary under former iterations of the trust but not under the most recent 2014 version. She said the current iteration of the trust was invalid because Charles lacked the capacity to sign it or he signed it as a result of mistake, menace, fraud, duress, or undue influence.

Trust Company said Kirkman lacked standing and objected to the petition.

On December 21, 2018, the probate court sustained Trust Company's objection and denied Kirkman's petition to contest the trust. Relying on *Barefoot v. Jennings* (2018) 27 Cal.App.5th 1, the probate court determined Kirkman lacked standing to contest the trust because she was not a named beneficiary in the current iteration of the trust. Kirkman timely appealed.

In January 2020, the California Supreme Court decided *Barefoot v. Jennings* (2020) 8 Cal.5th 822, 830 (*Barefoot*), which reversed the case on which the trial court in this case relied. The Supreme Court held "when a plaintiff claims to be a rightful beneficiary of a trust if challenged amendments are deemed invalid, she has standing to petition the probate court under

2

section 17200." (*Id.* at p. 828.) Kirkman says she was a beneficiary under former iterations of the trust and she claims the version of the trust disinheriting her is invalid. Under *Barefoot*, she has standing to raise her claim in the probate court.

## DISPOSITION

The probate court's order denying Kirkman's petition to contest the trust is reversed. We remand for further proceedings on that petition. Costs are awarded to Rose Sharon Kirkman.


WILEY, J.

We concur:


BIGELOW, P. J.


GRIMES, J.

3