Filed 7/11/24  Hitz v. Rutter CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| JEFFREY K. HITZ, Petitioner and Appellant, v. THEODORE RUTTER et al., Respondents. | D082787 (Super. Ct. No. 37-2023-00023693-PR-TR-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, John B. Scherling, Judge.  Affirmed.

Jeffrey K. Hitz, in pro. per., for Petitioner and Appellant.

Chhokar Law Group, David G. Greco and Kristen A. Friedman, for Respondents.

Jeffrey K. Hitz appeals from a judgment dismissing his trust contest petition after the trial court sustained without leave to amend Trustees Theodore and Deborah Rutter's demurrer.  Hitz claims the trial court erred in concluding (1) his trust contest was time-barred, (2) he lacked standing to bring that or any other claim, and (3) amendment was futile.  We conclude Hitz failed to adequately support his claims of error with citations to relevant

authority and/or appropriate legal argument and therefore waived them. We accordingly affirm.

I.

Marilyn and Peter Hoijer executed a declaration of trust in 1991 appointing them as the original trustees, which was amended nine times over the years. In the 1999 Third Amendment, Deborah was appointed as co-trustee.

In 2016, Marilyn, Peter, and Deborah executed the Seventh Amendment, removing Hitz, Marilyn's nephew, as a beneficiary. Peter died in August 2017.

In 2018, Marilyn and Deborah executed the Eighth Amendment to the trust, which clarified Marilyn "intentionally makes no gift or provision for" Hitz because she and Peter "provided ample gifts and loans to [him] during their lifetimes, which loans were not repaid." In the 2020 Ninth Amendment, Theodore was also appointed as co-trustee. Marilyn passed away in September 2022.

On October 4, 2022, a notification by trustee under Probate Code section 16061.7 was sent to all beneficiaries and heirs to notify them of Marilyn's death and the 120-day limitations period to contest the trust. On October 7, 2022, a substantively identical notification of trustee was served providing notice of Peter's death.

Hitz filed a petition on June 7, 2023, contesting the trust and seeking reinstatement as a beneficiary or damages. The petition acknowledged service and receipt of both statutory notices. As Trustees note, Hitz's claims are difficult to parse given the petition's lack of separately pleaded causes of action. Liberally construed, the petition: (1) challenged the validity of the Seventh and Eighth Amendments on the grounds of Peter's and Marilyn's

2

alleged incapacity and Trustees' alleged undue influence; (2) argued the 120-day limitations periods for contesting a trust should run consecutively rather than concurrently if there are multiple notices; and (3) alleged Trustees breached various fiduciary duties to Hitz. Hitz appended a copy of the declaration of trust as amended to his petition.

Trustees demurred on the ground the petition "does not state facts sufficient to support a cause of action." Following a hearing and after considering Hitz's untimely opposition, the trial court sustained the demurrer. The court concluded Hitz failed "to plead factual allegations to overcome the statute of limitations." It also concluded Hitz failed to "plead facts establishing [his] standing to bring the remaining cause(s) of action against" Trustees. Because Hitz failed "to show how the defects noted may be cured by amendment," the court denied leave to amend.

## II.

A party appearing in propria persona is "entitled to the same, but no greater, consideration than other litigants and attorneys." (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210.) On appeal, parties must provide cogent legal arguments in support of their claims with citation to legal authority. (*Sims v. Department of Corrections & Rehabilitation* (2013) 216 Cal.App.4th 1059, 1081.) We deem waived arguments unsupported by reasoned argument or citations to relevant authority. (*Sporn v. Home Depot USA, Inc.* (2005) 126 Cal.App.4th 1294, 1303 (*Sporn*).) The same is true of arguments unsupported by citations to the record. (*Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574, 590 (*Alki*).)

3

Although we appreciate Hitz's efforts in representing himself, we agree with Trustees that Hitz waived all his arguments on appeal because he "failed to accurately cite any authority in support of his positions."

Hitz cites no relevant legal authority to support his contention that, when multiple statutory notices are served, the 120-day limitations period to challenge a trust under section 16061.8 applies to each and is aggregated. While he cites *Barefoot v. Jennings* (2018) 27 Cal.App.5th 1 (*Barefoot I*), the Supreme Court reversed *Barefoot I*. (*Barefoot v. Jennings* (2020) 8 Cal.5th 822, 830 (*Barefoot II*).) Further, *Barefoot I* does not concern the 120-day deadline to contest a trust under sections 16061.7 and 16061.8, much less support Hitz's proposition that multiple such deadlines run consecutively. (See generally *Barefoot I*, 27 Cal.App.5th 1.)

Hitz's remaining authorities relating to timeliness are similarly misrepresented, if they exist at all. Notably, as Trustees argue in their response, Hitz's citations to: (1) *Estate of Cohn* (2022) 74 Cal.App.5th 1149 leads to *Paige v. Safeway, Inc.* (2022) 74 Cal.App.5th 1108, a case concerning entirely unrelated issues; (2) *Estate of Miller* (2021) 275 Cal.App.4th 1026 yields no results; and (3) *Estate of Heggli* (2008), for which Hitz provides no reporter information, does not appear to exist.

Hitz's remaining claims are deficient for much the same reasons. Hitz cites no legal authority and provides no cogent legal reasoning to support the existence of any duty by a trustee to notify beneficiaries of their disinheritance from a trust, particularly when one or more settlors were still alive when the relevant amendments were executed. Hitz's claim that Trustees breached their duty of trust by failing to timely notify him of Peter's death is inadequate in this regard as well.

4

As to Hitz's claim that Trustees breached their duty to provide him with requested financial information after he received the October 2022 notifications, he invokes, in a single sentence and without citing any specific page number, *Barefoot II* in support. But *Barefoot II* does not, as Hitz asserts, "require[ ] that this information be provided upon request, to all beneficiaries, even so-called disinherited beneficiaries." (See generally *Barefoot II*, 8 Cal.5th 822.) Indeed, *Barefoot II* does not address a trustee's duty to inform or provide reasonably requested information to beneficiaries at all; instead, it decides whether disinherited beneficiaries have standing to contest a trust. (See *id.*) Hitz provides no further legal support for this alleged breach.

Similarly, the two authorities Hitz cites in claiming that it was "completely inappropriate and unwarranted" to sustain the demurrer without leave to amend do not concern demurrers, but rather trial court determinations on the merits. (See *Estate of Giraldin* (2012) 55 Cal.4th 1058, 1064; *Estate of Heggstad* (1993) 16 Cal.App.4th 943, 953.) Hitz's arguments as to the non-statute of limitations claims are additionally defective in failing to cite any relevant portions of the record.

Even after Trustees' brief identified these infirmities in Hitz's appellate arguments and the support (or lack thereof) underlying them, he ignored these issues in his reply brief. Accordingly, we conclude Hitz has waived his arguments on appeal in their entirety due to his failure to adequately support his arguments. (*Sporn*, 126 Cal.App.4th at p. 1303; *Alki*, 4 Cal.App.5th at p. 590.) We thus need not address any of the claims on the merits.

5

III.

We affirm the judgment and award costs on appeal to Theodore and Deborah Rutter.

CASTILLO, J.

WE CONCUR:


McCONNELL, P. J.


O'ROURKE, J.

6