Filed 2/5/21  Llamas v. Spitz CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| JORGE LLAMAS, JR.,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>ROBERT J. SPITZ,<br><br>    Defendant and Respondent. | D075539<br><br><br>(Super. Ct. No.<br> 37-2017-00013381-CU-PO-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Joel R. Wohlfeil, Judge.  Reversed and remanded with directions.

Webb & Carey, Kevin A. Carey and Patrick D. Webb for Plaintiff and Appellant.

Manning & Kass, Ellrod, Ramirez, Trester, and Rinat B. Klier-Erlich, Brian T. Smith, Jeffrey Y. Tsao for Defendant and Respondent.

Jorge Llamas, Jr. sued Robert J. Spitz, an estate planning attorney, alleging causes of action for legal malpractice and intentional interference with expected inheritance, based on a trust document that Spitz drafted at the request of Llamas's sister, Julia Sanabia (Sanabia).  The trial court sustained Spitz's demurrers to both causes of action without leave to amend.

Llamas appealed and subsequently filed with this court a document styled a "request for dismissal," in which he sought to dismiss his legal malpractice claim. At oral argument, Llamas's attorney acknowledged he was abandoning the malpractice claim in the third amended complaint. Accordingly, Llamas now only challenges the court's ruling sustaining the demurrer as to the intentional interference with expected inheritance claim set forth in the fourth amended complaint, and seeks leave of this court to amend the complaint. We reverse and remand with directions that the trial court grant Llamas leave to amend the complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

We state the facts, even if improbable, from the properly pleaded allegations from the operative third and fourth amended complaints. (*Century-National Ins. Co. v. Garcia* (2011) 51 Cal.4th 564, 566, fn. 1; *Hacker v. Homeward Residential, Inc.* (2018) 26 Cal.App.5th 270, 280.) However, we disregard contentions, deductions or conclusions of fact or law. (*Marsh v. Anesthesia Services Medical Group, Inc.* (2011) 200 Cal.App.4th 480, 491.)

*Common Allegations to the Third and Fourth Amended Complaints*

Llamas sued the codefendants—Sanabia, her husband, Eric Sanabia, and Spitz—alleging that his grandmother, Trustor Lois M. Svetich, died in April 2017 at age 87, with no surviving spouse or children.[1] He alleged that in 2010, Svetich established and executed a trust, which was amended in 2011. In 2015, Sanabia retained Spitz to revoke the 2010 Trust and establish

---

[1] Llamas alleges in his fourth amended complaint that Sanabia committed elder financial abuse, breached her fiduciary duty, and intentionally interfered with his right to inherit. He therefore seeks the invalidation of the 2015 Trust, declaratory relief, cancellation of instrument under Civil Code section 3412, and the imposition of a constructive trust. As to Eric Sanabia, Llamas alleges a cause of action for civil conspiracy, claims unjust enrichment, and seeks imposition of a constructive trust.

a new trust with Sanabia as the sole beneficiary (the 2015 Trust). Llamas alleges Svetich lacked the mental capacity to execute the 2015 Trust.

Llamas alleges that in drafting the 2015 Trust, Spitz communicated exclusively with Sanabia, and never attempted to communicate directly with Svetich to determine her true intent for distributing the 2015 Trust assets or to explain its terms to her.

*Llamas's Third Amended Complaint*

In his third amended complaint Llamas pleaded two causes of action against Spitz. He alleged in the eleventh cause of action that Spitz breached his duty of care as an attorney by (1) failing to discuss with Svetich the provisions she wished to include in the 2015 Trust; (2) failing to communicate the 2015 Trust's provisions to Svetich, knowing that the provisions were included solely at Sanabia's direction and for the express purpose of excluding Llamas; (3) failing to disclose to Svetich that Llamas was excluded as a beneficiary in the 2015 Trust; (4) failing to use the standard of care required of a trust estate planning attorney in transcribing the 2015 Trust; (5) misrepresenting to Svetich that the 2015 Trust expressly included Llamas as a co-equal beneficiary; (6) instructing Svetich to execute the 2015 Trust knowing that its provisions did not accurately express Svetich's testamentary intent; and (7) failing to do other negligent and fraudulent things presently unknown to Llamas. Llamas acknowledged that Spitz did not represent him; rather he represented Sanabia.

Spitz demurred to the third amended complaint, arguing as to the negligent interference with the right to inherit cause of action that he did not owe a duty to Llamas, no California court has recognized that cause of action, and Llamas had added that cause of action without leave of the trial court.

The court sustained the demurrer without leave to amend as to the professional negligence cause of action, but granted Llamas leave to amend the complaint as to the cause of action for negligent interference with the right to inherit, so as to instead plead a new cause of action for intentional interference with the expectation of inheritance under *Beckwith v. Dahl* (2012) 205 Cal.App.4th 1039 (*Beckwith*).

*Llamas's Fourth Amended Complaint*

Llamas in the fourth amended complaint added a cause of action for "tortious interference with an expected inheritance," alleging that he "held an expectation that he would receive an inheritance under any of [Svetich's] wills, trusts and life insurance policies." He alleges Svetich intended that he and Sanabia be co-equal beneficiaries of Svetich's trusts and wills, and Spitz had actual knowledge of Svetich's intent. Llamas also alleges under information and belief that Spitz at no time attempted to ascertain if Svetich intended to revoke the former trust or to wholly exclude Llamas as a beneficiary under the 2015 Trust. Further, Llamas alleges Spitz never communicated with Svetich to ascertain her testamentary intent before she signed the 2015 Trust. Llamas alleges Spitz had actual knowledge that the 2015 Trust's terms benefitted only Sanabia and would directly harm Llamas and his children.

Llamas alleges Spitz knew that but for the 2015 Trust, Llamas had an expectation of inheriting half of Svetich's estate. Llamas alleges that Spitz's acts were wrongful because "he should have consulted, and was required to consulted [*sic*] with [Svetich] prior to her having been driven [by Sanabia] to Spitz['s] law office for the sole purpose of signing the already drafted and finalized" 2015 Trust.

4

Spitz demurred to the fourth amended complaint, arguing it did not allege that Spitz deliberately interfered with Llamas's expected inheritance; rather, Llamas's allegations sounded in negligence; therefore, Llamas did not adequately plead the elements of an intentional interference with expectation of inheritance cause of action under *Beckwith, supra,* 205 Cal.App.4th 1039. Spitz further argued there was no allegation Spitz had interfered with Llamas's inheritance by independent tortious means.

The court sustained Spitz's demurrer to the fourth amended complaint without leave to amend. Pointing out that Llamas alleged "Spitz knew that [] Sanabia was perpetrating a fraud upon [Svetich] by excluding Llamas as a beneficiary without [Svetich's] approval or authorization," the court ruled, "This alleged knowledge does not amount to a common plan or design to commit fraud. As a result, the independently wrongful conduct of conspiring to commit fraud is not alleged." The court further ruled: "As alleged, Defendant Spitz failed to sufficiently communicate or consult with [Svetich], and if he had he would have discovered she did not intend to disinherit [Llamas] and his children. This is negligent conduct, not deliberate and intentional actions to deny [Llamas's] inheritance. It is not alleged that Defendant Spitz was involved in a conspiracy or scheme with [Sanabia]." The court concluded, "There are no allegations suggesting that Defendant Spitz provided 'substantial assistance' in the commission of fraud. A failure to ascertain [Svetich's] true intent is not affirmative assistance in the commission of fraud. Simply preparing otherwise legitimate legal documents does not constitute intentional assistance with a fraud. As a result, the independently wrongful conduct of aiding and abetting the commission of fraud is not alleged." Judgment was entered against Llamas.

## DISCUSSION

### I. *Standard of review*

"We apply well-established rules of review. 'A demurrer tests the legal sufficiency of the complaint. [Citation.] Therefore, we review the complaint de novo to determine whether it contains sufficient facts to state a cause of action. [Citation.] "We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law." ' " (*Marsh v. Anesthesia Services Medical Group, Inc.*, *supra*, 200 Cal.App.4th at p. 491.) We give the complaint a reasonable interpretation, and reverse an order sustaining a demurrer if the plaintiff has stated a cause of action under any possible legal theory. (*Minnick v. Automotive Creations, Inc.* (2017) 13 Cal.App.5th 1000, 1004.) We accept the material factual allegations of the complaint unless contrary to law or facts of which a court may take judicial notice. (*SLPR, L.L.C. v. San Diego Unified Port District* (2020) 49 Cal.App.5th 284, 318.) This court will affirm an order sustaining a demurrer on any proper grounds, regardless of the basis for the trial court's decision. (*Cansino v. Bank of America* (2014) 224 Cal.App.4th 1462, 1468.)

"In evaluating the court's refusal to permit an amendment, we are governed by an abuse-of-discretion review standard. [Citation.] The court abuses its discretion if there is a reasonable possibility an amendment would cure the defects. [Citation.] The appellant has the burden to identify specific facts showing the complaint can be amended to state a viable cause of action. [Citation.] An appellant can meet this burden by identifying new facts or theories on appeal." (*Minnick v. Automotive Creations, Inc.*, *supra*, 13 Cal.App.5th at p. 1004; see *T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162.)

## II. *Intentional Interference With Expected Inheritance Claim*

Llamas contends: "The trial court failed to interpret the factual allegations as intentional conduct and deliberate action on the part of Spitz," who in fact knew that Sanabia would cause Svetich to sign the 2015 Trust and that Svetich would sign the Trust without knowing it excluded Llamas. Llamas also contends Spitz directly participated in the fraud perpetrated by Sanabia, and deliberately drafted the trust.

Spitz contends that as a procedural matter, Llamas's challenge to the court's ruling fails as the court did not grant Llamas leave to add a claim for intentional interference with expected inheritance; as such, Llamas improperly added the twelfth cause of action. On the merits, Spitz contends that this claim fails for various reasons: Llamas has an alternative venue for resolving this matter in the probate court, Llamas does not allege that Spitz took deliberate action that induced Svetich to interfere with Llamas's expected inheritance, Llamas alleges that Spitz committed an independently wrongful conduct, specifically drafting the 2015 Trust, but that is not wrongful conduct and, as a matter of public policy, attorneys should not owe a duty of care to potential or disinherited beneficiaries.

To state a claim for intentional interference with expectation of inheritance, "a plaintiff must allege five distinct elements. [Citation.] First, the plaintiff must plead he had an expectancy of an inheritance. . . . Second, as in other interference torts, the complaint must allege causation. . . . Third, the plaintiff must plead intent, i.e., that the defendant had knowledge of the plaintiff's expectancy of inheritance and took deliberate action to interfere with it. [Citation.] Fourth, the complaint must allege that the interference was conducted by independently tortious means, i.e., the underlying conduct must be wrong for some reason other than the fact of the

7

interference.  [Citation.]  Finally, the plaintiff must plead he was damaged by the defendant's interference." (*Beckwith, supra,* 205 Cal.App.4th at p. 1057.)

We address the claim on the merits and conclude that, as pleaded, the cause of action fails because "where a probate remedy is available, it must be pursued." (*Beckwith, supra,* 205 Cal.App.4th at p. 1052; see *Munn v. Briggs* (2010) 185 Cal.App.4th 578, 587 [" '[a] majority of the states which have adopted the tort of interference with an inheritance have achieved such a balance by prohibiting a tort action to be brought where the remedy of a will contest is available' "].)  Llamas has an opportunity to present a claim in probate court under Probate Code section 17200, subdivision (a) "to determine the existence of the trust."  He also may file a probate action for purpose of "[a]scertaining beneficiaries and determining to whom property shall pass or be delivered upon final or partial termination of the trust, to the extent the determination is not made by the trust instrument." (Prob. Code, § 17200, subd. (a)(4).)

This claim also fails because " '[a]n act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard.' " (*Edwards v. Arthur Andersen LLP* (2008) 44 Cal.4th 937, 944; quoting *Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134.)  Llamas contends that "[i]n this case, the independent wrongful conduct of Spitz was the drafting of a trust he knew was fraudulent."  But that conduct does not amount to fraud under the heightened pleading and proof requirements for such a cause of action. (*See Charnay v. Cobert* (2006) 145 Cal.App.4th 170, 184 ["The elements of fraud are ' "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c)

8

intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage" ' "].)

Llamas has not pleaded with particularity that Spitz intended to defraud him of his inheritance. To the extent Llamas in the twelfth cause of action alleges that Spitz failed to communicate with Svetich to ascertain her intent, or to inform her of the 2015 Trust's terms, this pleading sounds in negligence. Moreover, his allegations fall short of the requirements of an independent tortious action. We therefore conclude the court did not err in sustaining the demurrer as to this cause of action.

### III. *Leave to Amend*

A plaintiff may demonstrate for the first time to the reviewing court how a complaint can be amended to cure the defect. (Code Civ. Proc., § 472c, subd. (a) ["[w]hen any court makes an order sustaining a demurrer without leave to amend the question as to whether or not such court abused its discretion in making such an order is open on appeal even though no request to amend such pleading was made"]; see *Rubenstein v. The Gap, Inc.* (2017) 14 Cal.App.5th 870, 881 [" '[w]hile such a showing can be made for the first time to the reviewing court [citation], it must be made' "]; *Smith v. State Farm Mutual Automobile Ins. Co.* (2001) 93 Cal.App.4th 700, 711.)

At oral argument, Llamas's attorney represented to this court that if granted leave to amend he could in good faith state a cause of action for intentional interference with expected inheritance by alleging that Spitz knew that Svetich wanted Llamas to be a co-equal beneficiary of the 2015 Trust, and that Spitz expressly told her that he was so included, knowing that this was untrue. Counsel further represented to this court that he would allege damages not recoverable in the probate court; specifically, Llamas's attorney fees incurred to recover his inheritance as a result of

9

Spitz's intentional tort.[2]  In granting leave to amend, we express no opinion on whether this action can survive any further demurrer or summary judgment motion that might be brought; nor do we purport to suggest whether, if additional demurrers are sustained, any further leave to amend should be granted, as these are matters for the trial court to determine.

---

[2]      At oral argument, Llamas's counsel acknowledged the existence of a confidential settlement agreement between Llamas and Sanabia, and claimed his proposed amended complaint could withstand the California Supreme Court's holding that the probate court was the proper venue for certain actions:  "[C]laims that trust provisions or amendments are the product of incompetence, undue influence, or fraud, as is alleged here, should be decided by the probate court, if the invalidity of those provisions or amendments would render the challenger a beneficiary of the trust." (*Barefoot v. Jennings* (2020) 8 Cal.5th 822, 828.)

## DISPOSITION

The judgment is reversed, and the cause remanded to the trial court with directions to enter a new order granting leave to amend to allege a cause of action for intentional interference with expected inheritance. Each party is to bear its own costs on appeal.


O'ROURKE, J.

WE CONCUR:


McCONNELL, P. J.


HALLER, J.