Filed 11/16/21  Estate of Simon CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| Estate of SELMA V. SIMON, Deceased. | B308865 |
| | (Los Angeles County Super. Ct. No. BP165096) |
| LEONARD I. ANEBERE, Appellant, v. GREGORY JONES, Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles Superior Court, Daniel Juarez, Judge.  Affirmed.

Leonard I. Anebere, in pro. per., for Appellant.

Spierer, Woodward, Corbalis & Goldberg and Stephen B. Goldberg for Respondent.

_____

After Selma V. Simon died in 2013, her next-door neighbor, Leonard I. Anebere, petitioned the probate court to invalidate her living trust, claiming Simon had more recently executed a holographic will naming him the beneficiary of Simon's estate and the holographic will had effectively, albeit impliedly, revoked the trust. Anebere's second amended petition also alleged Gregory Jones, Simon's financial advisor and sole beneficiary under the trust, had exercised undue influence over Simon when she created and amended her trust.

The probate court sustained without leave to amend Jones's demurrer to the petition and entered judgment in favor of Jones. We reversed in Anebere's first appeal (*Estate of Selma V. Simon* (Mar. 28, 2018, B275809) [nonpub. opn.] (*Anebere I*)), agreeing with the probate court that Anebere had not alleged facts sufficient to support his undue influence claim but holding, based on Anebere's description in his reply brief and at oral argument of facts he could allege concerning Jones's role in the creation of Simon's trust, he should be permitted "one final opportunity" to amend his petition to do so. However, we cautioned Anebere's standing to invalidate the trust for undue influence was premised on his status as a beneficiary under the holographic will and, if a final determination was made that this testamentary document was invalid, any amendment by Anebere would be futile.

While Anebere's initial appeal was pending, the probate court denied with prejudice Anebere's petition to admit the holographic will to probate as a terminating sanction for his repeated failure, despite multiple continuances, to comply with the Los Angeles Superior Court's local rules requiring him to clear the court's probate notes prior to a hearing. We affirmed

2

that final order in Anebere's second appeal. (*Estate of Selma V. Simon* (Jan. 22, 2020, B288656 [nonpub. opn.] (*Anebere II*).)

Notwithstanding our suggestion in *Anebere I* that the probate court postpone any amendment to the petition to invalidate the trust pending resolution of Anebere's appeal regarding the validity of the holographic will, Anebere filed a third amended petition in September 2018. Jones again demurred. Following issuance of our remittitur in *Anebere II*, the probate court sustained the demurrer without leave to amend, ruling Anebere lacked standing to pursue his petition. We affirm the order of dismissal.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The Events Leading to* Anebere I

As detailed in *Anebere I*, in 2006 Simon created The Selma V. Simon Living Trust, naming herself the trustee and Jones both the successor trustee and a trust beneficiary after her death. Several charities were also named as beneficiaries of the trust. At the same time Simon executed a pour-over will, bequeathing all personal and real property in her estate to Jones in his capacity as trustee of her living trust. Both the trust and pour-over will were prepared by Simon's legal counsel.

In 2010 Simon, with the assistance of the same legal counsel who had prepared her trust, amended the trust to remove the charities as beneficiaries, leaving Jones as the sole beneficiary after her death. All other provisions of the trust remained unchanged. Simon died in October 2013 at the age of 97. She never married and had no children.

On July 31, 2015 Anebere petitioned the court to invalidate the trust based on fraud, duress, menace and undue influence. Jones demurred to the petition on several grounds, including

3

Anebere's lack of standing. The trial court sustained Jones's demurrer, ruling Anebere, who was not a beneficiary or other interested party under the trust, had failed to allege facts demonstrating he had standing to bring any of the claims he asserted. The court granted Anebere leave to amend his petition to state a claim for relief.

On May 21, 2015 Anebere filed a separate petition to admit into probate a handwritten note he alleged was Simon's holographic will, executed February 23, 2013. (This petition was assigned a separate case number, Los Angeles Superior Court case No. BP163039.) The note read, "Dear Leonard, I Selma Victoria will to you my estate and 4256 9th Avenue, LA, Calif. 90008. Love Grandma. Selma V. Simon." In June 2015 Jones filed his own petition under the same case number contesting the validity of the holographic will and seeking to administer the pour-over will Simon had prepared in conjunction with her living trust.

On October 19, 2015 Anebere filed a first amended petition in this case, attaching as an exhibit the purported holographic will and alleging Simon's holographic will had revoked her 2006 trust and bequeathed to him her entire estate, including her home. Anebere also reasserted his cause of action for undue influence and included new causes of action for elder abuse and financial elder abuse.

Jones demurred to the first amended petition arguing, among other things, even if the 2013 handwritten note was a valid holographic will, it did not revoke her trust as a matter of law. Jones also argued Anebere had not alleged facts sufficient to demonstrate undue influence. In addition, Jones argued Anebere lacked standing to bring any of his claims. The court sustained

4

Jones's demurrer to all causes of action in the first amended petition and granted Anebere another opportunity to amend his petition.

Anebere filed a second amended petition, claiming more specifically that Simon's holographic will had effected a revocation of her prior living trust. Anebere also reiterated his claim that Jones had exerted undue influence in the creation and amendment of Simon's trust. The elder abuse causes of action were abandoned. The probate court sustained Jones's demurrer without leave to amend, concluding the 2013 document, even if a valid holographic will, did not revoke the living trust. The court also ruled Anebere had not alleged facts sufficient to state a claim for undue influence or to benefit from the evidentiary presumption of undue influence. The court entered judgment in favor of Jones.

2. *The Decisions in* Anebere I *and* Anebere II

In *Anebere I* we held, in accordance with Probate Code section 15401, subdivision (a),[1] the holographic will, assuming it was valid, did not revoke the 2006 trust. We also held, although

---

[1]     Probate Code section 15401, subdivision (a), provides, "A trust that is revocable by the settlor or any other person may be revoked in whole or in part by any of the following methods: [¶] (1) By compliance with any method of revocation provided in the trust instrument. [¶] (2) By a writing, other than a will, signed by the settlor or any other person holding the power of revocation and delivered to the trustee during the lifetime of the settlor or the person holding the power of revocation. If the trust instrument explicitly makes the method of revocation provided in the trust instrument the exclusive method of revocation, the trust may not be revoked pursuant to this paragraph."

a testamentary document, including a living trust, may be set aside if procured by undue influence, Anebere had not alleged sufficient facts in his second amended petition to support an undue influence claim directed to the 2006 trust. Rather, his allegations were directed to Jones's role in creating the 2010 amendment, which eliminated the trust's charitable beneficiaries and made Jones the sole beneficiary. A ruling invalidating only the 2010 trust amendment, we explained, would do nothing to assist Anebere in his effort to set aside the trust or otherwise afford him any interest in trust property.

Nonetheless, we concluded Anebere in his reply brief and again at oral argument had described facts that, if true, would support an undue influence claim relating to the creation of the 2006 trust. As the beneficiary of Simon's estate under the purported holographic will if it were admitted to probate, we observed, a finding the 2006 trust was invalid could affect Anebere's interest. We took judicial notice at Jones's request of the probate court's January 17, 2018 order denying with prejudice Anebere's petition to admit the purported holographic will into probate, but held that ruling, because it was not yet final, was not dispositive of the issues before us. Accordingly, we reversed the final order of dismissal, directing the probate court to give Anebere a final opportunity to properly allege a claim of undue influence.

Although remanding the matter, we cautioned, "because Anebere's standing to invalidate the trust for undue influence is premised on his status as a beneficiary under a valid holographic will, we suggest the probate court postpone any amendment in this action pending a final determination of the validity of that testamentary document. If Anebere's appeal from the dismissal

6

of his action to admit the holographic will to probate is rejected, the amendment, which rests on his standing under that will, would be futile." (*Anebere I, supra*, B275809.)

In *Anebere II* we affirmed the probate court's order denying Anebere's petition to admit the purported holographic will into probate as a terminating sanction for repeated violation of the court's rules. We held, "[w]hen, as here, the probate court has granted multiple continuances to obtain a party's compliance with the rules, all to no avail, we cannot say it is an abuse of discretion for the court under those circumstances to impose the ultimate sanction, particularly when the transgression relates to fundamental notice requirements and follows a warning that continued lack of compliance would result in dismissal." We denied Anebere's petition for rehearing; the Supreme Court denied his petition for review; and the remittitur issued in *Anebere II* on April 30, 2020.

> 3. *The Third Amended Petition, Demurrer and Order of Dismissal*

Anebere filed his third amended petition to invalidate the 2006 trust on August 1, 2018 while the appeal in *Anebere II* was still pending.[2] Jones demurred and moved to strike the petition

---

[2] Anebere did not include the third amended petition in his notice designating record on appeal, and it is not included in the record before us. From the caption and substance of Jones's demurrer, it appears that, in addition to two causes of action seeking to invalidate the 2006 trust and the 2010 trust amendment for undue influence, Anebere purported to allege causes of action to recover real and personal property, to suspend the trustee's powers, to remove the trustee, for damages for financial elder abuse and to report Jones to the district attorney. Jones demurred to these additional causes of action for lack of

7

on September 5, 2018, arguing, among other grounds, Anebere lacked standing to bring the petition.  The hearing was continued multiple times after Anebere filed opposition papers and Jones filed a reply, ultimately taking place on August 27, 2020, several months after the remittitur had issued in *Anebere II*.  Jones and his counsel appeared remotely via LACourtConnect.  Anebere did not appear.  The court took the matter under submission and the following day sustained the demurrer without leave to amend, ruling Anebere lacked standing to pursue his petition.[3]

Anebere filed a notice of appeal on October 28, 2020.  At the direction of this court, Anebere obtained a signed order of dismissal on January 21, 2021.  (See Cal. Rules of Court, rule 8.104(d).)

## DISCUSSION

1.  *Governing Law*

A demurrer tests the legal sufficiency of the factual allegations in a complaint.  We independently review the superior court's ruling on a demurrer and determine de novo whether the complaint alleges facts sufficient to state a cause of action or discloses a complete defense.  (*Loeffler v. Target Corp*. (2014) 58 Cal.4th 1081, 1100; *Committee for Green Foothills v. Santa Clara County Bd. of Supervisors* (2010) 48 Cal.4th 32, 42.)

---

jurisdiction, among other grounds, because our remittitur only authorized Anebere to amend his cause of action for undue influence.  None of those additional causes of action is at issue in this appeal.

[3]     Jones's motion to strike was denied without prejudice on October 16, 2020.

Probate Code section 17200, subdivision (a), provides "a trustee or beneficiary of a trust may petition the court under this chapter concerning the internal affairs of the trust or to determine the existence of the trust."  Construing that grant of standing consistent with the Probate Code's statutory scheme as a whole, the Supreme Court in *Barefoot v. Jennings* (2020) 8 Cal.5th 822, 828 held an individual who would benefit from invalidation of a trust instrument, even though not a currently named beneficiary, has standing to challenge the document: "[C]laims that trust provisions or amendments are the product of incompetence, undue influence, or fraud, as is alleged here, should be decided by the probate court, if the invalidity of those provisions or amendments would render the challenger a beneficiary of the trust.  [Citation.]  So when a plaintiff claims to be a rightful beneficiary of a trust if challenged amendments are deemed invalid, she has standing to petition the probate court under section 17200."

Similarly, as we indicated in *Anebere I*, an individual who claims to be a beneficiary under the decedent's will if a trust instrument were invalidated may qualify as an "interested person" within the meaning of Probate Code section 48, subdivision (a),[4] and, have standing to challenge an allegedly invalid trust in probate court.  (See *Schwan v. Permann* (2018) 28 Cal.App.5th 678, 698 ["only 'interested person[s]' have legal standing to contest the provisions of a will or trust"]; *Lickter v.*

---

[4]     Probate Code section 48, subdivision (a)(1), defines "interested person" to include "[a]n heir, devisee, child, spouse, creditor, beneficiary, and any other person having a property right in or claim against a trust estate or the estate of a decedent which may be affected by the proceeding."

9

*Lickter* (2010) 189 Cal.App.4th 712, 728 ["[I]t has long been clear under California probate law that a person who can claim the title of 'heir' is not necessarily an 'interested person' for purposes of instituting or participating in a particular proceeding in a probate case. The question, rather, is whether the person— whether an heir, devisee, beneficiary, or other person—has an interest of some sort that may be impaired, defeated, or benefited by the proceeding at issue"]; see also *Estate of Sobol* (2014) 225 Cal.App.4th 771, 782.)

2. *The Probate Court Properly Sustained Jones's Demurrer Without Leave To Amend*

As we explained in *Anebere I*, Anebere's only basis for standing to challenge the validity of Simon's 2006 trust and the 2010 amendment was his purported status as the sole beneficiary of Simon's holographic will. Once the decision denying admission of that document into probate was final, Simon could not benefit from invalidation of the trust. Accordingly, as the probate court ruled, he lacked standing to petition to contest the validity of the trust; and Jones's demurrer to Anebere's petition was properly sustained.

In his opening brief Anebere contends he made a prima facia showing of undue influence—a moot point if he has no standing—and argues he had standing "for the reasons that the Holographic Will was the last testamentary disposition made by Selma V. Simon and invalidates all prior testamentary dispositions." That contention, unsupported by legal argument or citation to the record, ignores the final order, affirmed on appeal, denying Anebere's petition to admit that document into probate,

10

not to mention our decision that, even if it were valid, the holographic will does not revoke Simon's trust.[5]

Anebere also contends he should have been granted leave to amend, but offers no possible factual basis for an amendment that would establish his standing to challenge the trust. (See *Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349 [it is plaintiff's burden to show "in what manner he [or she] can amend [the] complaint and how that amendment will change the legal effect of [the] pleading"]; *Ivanoff v. Bank of America, N.A.* (2017) 9 Cal.App.5th 719, 726 [although great liberality should be exercised in granting a plaintiff leave to amend his or her complaint, "'[l]eave to amend should *not* be granted where . . . amendment would be futile'"].)

## DISPOSITION

The order of dismissal is affirmed. Jones is to recover his costs on appeal.

PERLUSS, P. J.

We concur:

FEUER, J.                    IBARRA, J.[*]

---

[5]     In his reply brief Anebere argues the evidence supported his claim the holographic will was genuine. The decision not to admit the holographic into probate was final after *Anebere II* and is not properly before us in this appeal.

[*]     Judge of the Santa Clara Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11