Filed 10/27/25  Vogel v. Vogt, Resnick & Sherak, LLP CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| DOUGLAS VOGEL, as Trustee, | B341968 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 19STPB03166) |
| v. | |
| VOGT, RESNICK & SHERAK, LLP, | |
| Defendant and Respondent. | |

APPEAL from orders of the Superior Court of Los Angeles County, Daniel Juarez, Judge.  Reversed in part and affirmed in part.

John L. Dodd & Associates and John L. Dodd for Plaintiff and Appellant.

Sherak Law Group, David A. Sherak and Jeany A. Duff for Defendant and Respondent.

————————————

Respondent Vogt, Resnick & Sherak, LLP (VRS) filed a petition under Probate Code section 17200[1] seeking payment of attorney fees from appellant Douglas Vogel, the trustee of the Catherine Goedecker 2017 Trust (the trust).  Vogel hired VRS to represent him in defending against a challenge to his status as trustee, but he became dissatisfied with VRS and fired the firm mid-dispute.  He opposed VRS's petition on the ground that only trustees and beneficiaries may bring a petition under section 17200.  The probate court disagreed and sustained the petition.  Vogel did not immediately challenge the order, but refused to comply with it until, more than 18 months later, the court entered a new order requiring him to pay additional attorney fees and sanctions to compensate VRS for its efforts to enforce the prior order.  At that point Vogel filed the instant appeal.

We agree with Vogel that VRS lacked standing to file a section 17200 petition for payment of its outstanding fees.  In addition, because the subsequent penalties were based on Vogel's failure to comply with a void order, we reverse the later orders as well, with the exception of one sanctions order made pursuant to Code of Civil Procedure section 177.5 that was based on Vogel's failure to appear in court.

## FACTS AND PROCEEDINGS BELOW

Vogel hired VRS to represent him as trustee in May 2018.  A few days earlier, Goedecker had passed away, leaving Vogel as trustee and primary beneficiary of a trust that contained $189,115.28 in assets.  When Goedecker first established the trust in August 2017, she designated Vogel, Grace Jacqueline

---

[1] Unspecified statutory references are to the Probate Code.

Pelaez, and Donna Spare as beneficiaries, with Pelaez to serve as the first successor trustee upon Goedecker's death, followed by Vogel. Two months later, Goedecker revised the trust to remove Pelaez as beneficiary and trustee. The record does not explain why Goedecker took this action, but Vogel states that he was Goedecker's best friend and cared for her while she was terminally ill.

Pelaez contested the validity of the amendment to the trust, and the trust incurred significant legal fees in the ensuing litigation. From May 2018 through December 2019, the trust paid VRS $45,000 in attorney fees. Vogel was displeased with the amount of the bills and with the way VRS was handling the case, and he fired the firm in May 2020.

In July 2020, VRS filed a petition under section 17200 for an order instructing Vogel to pay from the trust estate an additional $22,420.04 in attorney fees and costs for work VRS performed while it still represented Vogel, as well as fees and costs incurred in preparing the petition. Due to a miscommunication between the probate court and the attorneys for each side, the court issued an order in December 2020 granting VRS's petition even though Vogel had requested mediation and arbitration of the dispute before the Los Angeles County Bar Association one day earlier, triggering an automatic stay. (See Bus. & Prof. Code, § 6201, subd. (c).) When informed of the error, the probate court voided its prior order and ordered the parties to meet and confer regarding arbitration.

The parties were unable to reach an agreement on the venue for arbitration, and at a hearing in September 2022, they agreed they had waived any right to arbitration. VRS requested that the court reinstate its previous order. Vogel did not

challenge the reasonableness of VRS's fees, but argued that VRS lacked standing to bring a motion by means of a petition under section 17200. After a hearing in December 2022, the court reinstated its prior order on fees to VRS because "the fees . . . were reviewed and found reasonable and just as part of the accounting filed January 31, 2020. There is no proper objection to those fees and costs . . . ."

Vogel did not appeal this order, nor did he file a motion for reconsideration, but he did not comply with the order. In February 2023, VRS filed a motion for an order to show cause requesting that the court find Vogel in contempt, followed by a motion in January 2024 for an additional $32,354.11 in attorney fees and costs associated with enforcing the court's prior order. Vogel failed to appear for a court hearing on the order to show cause in February 2024, and the court imposed $990 in sanctions payable to the court under Code of Civil Procedure section 177.5. Ultimately, after declaring that Vogel had engaged in "gamesmanship" in resisting VRS's efforts to collect,[2] the probate court on August 21, 2024 entered a new order requiring Vogel to pay $32,354.11 in additional attorney fees and costs, plus $2,500 in additional fees, in addition to the amounts previously ordered. The court also denied Vogel's motion to vacate this order. Vogel filed an appeal from the denial of his motion to vacate.

---

[2] In addition to failing to appear at the order to show cause hearing, Vogel failed to produce documents in response to VRS's judgment creditor inspection demands.

## DISCUSSION

### A.    Appealability and Standard of Review

Vogel objects to the probate court's orders made in December 2020 (the order that was vacated due to the then-pending fee arbitration) and in December 2022 (when the court reinstated the December 2020 order).  He did not file a timely notice of appeal from either of these two orders.  Instead, he appealed from the court's August 21, 2024 order denying his motion to vacate the prior orders.  Ordinarily, this would be fatal: " '[A]n order denying a motion to vacate [an order] is generally not appealable; otherwise, an appellant would receive "either two appeals from the same decision, or, if no timely appeal has been made, an unwarranted extension of time in which to bring the appeal." ' " (*311 South Spring Street Co. v. Department of General Services* (2009) 178 Cal.App.4th 1009, 1014.)

Vogel argues this rule does not apply in this case because VRS lacked standing to bring a petition under section 17200 in the first place.  " '[C]ontentions based on a lack of standing involve jurisdictional challenges and may be raised at any time in the proceeding.' " (*Babbitt v. Superior Court* (2016) 246 Cal.App.4th 1135, 1143.)  Accordingly, such contentions are "not waived by failure to timely object." (*Color-Vue, Inc. v. Abrams* (1996) 44 Cal.App.4th 1599, 1604.)  "Where a statute relates to jurisdiction in the 'fundamental' sense, that is to authority over the subject matter or the parties, disregard of the statute may render the judgment void and subject to collateral attack." (*Estate of Buckley* (1982) 132 Cal.App.3d 434, 446.)  " 'In such a case, the order denying the motion to vacate is itself void and appealable because it gives effect to a void judgment.' " (*311*

5

*South Spring Street Co. v. Department of General Services, supra,* 178 Cal.App.4th at p. 1014.)

To determine appealability, we must thus address the merits of Vogel's argument on standing. Standing is a purely legal question, which we review de novo. (*People for Ethical Operation of Prosecutors etc. v. Spitzer* (2020) 53 Cal.App.5th 391, 398.)[3] If Vogel is right that VRS lacked standing to petition the probate court under section 17200 and can establish the probate court therefore could not make the orders at issue,[4] then the orders are both appealable and void, and must be reversed, along with any subsequent orders based on Vogel's failure to comply with the void orders. If he is incorrect, the orders are not appealable, and the appeal must be dismissed.

---

[3] VRS argues we should review the probate court's determination of standing for abuse of discretion. That standard applies when the determination of standing depends on a probate court's discretionary decision on a matter such as whether a party is an "interested party" for purposes of a will contest. (*Estate of Sobol* (2014) 225 Cal.App.4th 771, 782; *Estate of Prindle* (2009) 173 Cal.App.4th 119, 126.) The question of VRS's standing involves no such exercise of discretion.

[4] VRS does not identify any statutory provision other than section 17200 that permitted it to directly petition the probate court for payment. VRS does quote section 48, which defines the term "interested person" and *Estate of Sobol, supra,* 225 Cal.App.4th 771 for the proposition that "[t]he probate court has flexibility in determining whether to permit a party to participate as an interested party." (*Id.* at p. 782.) But because "section 48 is a definitional provision that gives the meaning of the term 'interested person' " and as explained further below this term does not appear in section 17200, "section 48 does not apply." (*Estate of Tarlow* (2025) 109 Cal.App.5th 124, 131.)

6

**B. VRS Lacked Standing to Petition the Probate Court for Payment of Attorney Fees**

Vogel argues VRS lacked standing to bring its petition under section 17200 because VRS is neither a trustee nor a beneficiary of the trust. This argument is based in part on statutory text and in part on case law. Section 17200 states that "[e]xcept as provided in [s]ection 15800, *a trustee or beneficiary of a trust* may petition the court under this chapter concerning the internal affairs of the trust or to determine the existence of the trust." (*Id.*, subd. (a), italics added.) The court in *Estate of Howard* (1976) 58 Cal.App.3d 250, interpreting a similar provision in an earlier version of the Probate Code, held that this limitation barred petitions by attorneys: "We find no authority, nor has any been cited, which allows an attorney for trustees to petition directly for his own fees." (*Estate of Howard, supra*, at p. 260.)

The Probate Code has been revised since *Estate of Howard*, and recent opinions have allowed petitions under section 17200 in certain situations from parties who are neither trustees nor beneficiaries. In *Barefoot v. Jennings* (2020) 8 Cal.5th 822, the Supreme Court held that a party originally named as a beneficiary but subsequently removed via amendment had standing to challenge the amendment pursuant to section 17200. The court reasoned that "the Probate Code ' "was intended to broaden the jurisdiction of the probate court so as to give that court jurisdiction over practically all controversies which might arise between the trustees and those claiming to be beneficiaries under the trust." ' " (*Barefoot, supra*, at p. 827.) Furthermore, "an expansive reading of the standing afforded to trust challenges under section 17200 'not only makes sense as a matter of judicial

7

economy, but it also recognizes the probate court's inherent power to decide all incidental issues necessary to carry out its express powers to supervise the administration of the trust.' " (*Id.* at p. 828.)  The court summarized its decision with the following rule: "when a plaintiff claims to be a rightful beneficiary of a trust if challenged amendments are deemed invalid, she has standing to petition the probate court under section 17200."  (*Ibid.*)

In *Hamlin v. Jendayi* (2024) 105 Cal.App.5th 1064, the court addressed a question expressly left unanswered in *Barefoot*: "whether 'an heir who was never a trust beneficiary has standing under the Probate Code to challenge that trust.' " (*Hamlin*, *supra*, at p. 1076, quoting *Barefoot v. Jennings*, *supra*, 8 Cal.5th at p. 825, fn. 2.)  The petitioners in *Hamlin* would have inherited from the decedent's estate if she had not executed a trust instrument shortly before her death.  (*Hamlin*, *supra*, at p. 1067.) The court concluded that the petitioners indeed had standing under section 17200, reasoning that "nothing in section 17200 *limits* petitioner standing before the probate court to *only* trustees and trust beneficiaries or otherwise constrains the probate court from conferring standing on other persons who assert a property right or claim against a trust estate.  Though *Barefoot* is not directly controlling on the facts of this case, our conclusion comports with *Barefoot*'s admonition to read Probate Code sections 'consistent with the statutory scheme as a whole,' its recognition of the broad jurisdiction and discretionary powers of the probate court, including the power to confer standing under section 17206 as necessary or proper to dispose of matters presented by a petition, and its consideration of judicial economy and the public interest in preventing the administration of a

trust that has been procured through fraud or undue influence."
(*Hamlin*, *supra*, at pp. 1076–1077.) The court also stated that
"the mere use of the words 'trustee or beneficiary' is hardly an
indication of a legislative intent to circumscribe the probate
court's power to confer standing to contest a trust on persons
other than trustees and trust beneficiaries." (*Id.* at p. 1075.)

VRS argues that under *Hamlin*, it "had standing [under
section 17200] as an interested party having an interest in the
trust estate." We disagree. When the Legislature intends to
allow any " 'interested person' " (§ 48, subd. (a))[5] to petition the
probate court for a certain form of relief, it says so explicitly.
Thus, under section 850, "[t]he trustee or any interested person"
may file a petition requesting an order regarding disputed trust
property. (*Id.*, subd. (a)(3).) In cases where a personal
representative has been appointed over a decedent's estate,
"[a]ny interested person may petition for removal of the personal
representative from office." (§ 8500, subd. (a).) Similarly, in
cases involving a decedent's estate, "[o]n its own motion or on
petition of an interested person, the court may order an account
at any time." (§ 10950, subd. (a).) In at least one instance, the
code explicitly provides a right for attorneys to petition the court:
"the attorney for the personal representative [of a decedent's
estate] may file a petition requesting an allowance on the

---

[5] The code defines " 'interested person' " as "(1) [a]n heir,
devisee, child, spouse, creditor, beneficiary, and any other person
having a property right in or claim against a trust estate or the
estate of a decedent which may be affected by the proceeding[;]
[¶] (2) [a]ny person having priority for appointment as personal
representative[;] [¶ or] (3) [a] fiduciary representing an interested
person." (§ 48, subd. (a).)

9

compensation of the attorney for the personal representative." (§ 10830, subd. (a)(2).)  If the Legislature had intended for attorneys who formerly represented a trustee to have the same right, we expect it would have enacted a similar provision.

The scope of standing under section 17200 has undoubtedly expanded since *Estate of Howard*, so that it is no longer strictly limited to a current "trustee or beneficiary of a trust."  (§ 17200, subd. (a).)  Both *Barefoot* and *Hamlin* permitted parties akin to beneficiaries to petition under section 17200, but VRS does not fall into that penumbra.  *Barefoot* and *Hamlin* did not open the floodgates to permit any creditor or other potentially interested party to utilize the section 17200 process.  Accordingly, neither the text of section 17200 nor the gloss placed upon it by *Barefoot* and *Hamlin* provides standing for a trustee's former attorney to petition under section 17200 for payment of a debt allegedly owed by the trust.  *Estate of Howard*'s holding that section 17200 does not "allow[] an attorney for trustees to petition directly for his own fees" (58 Cal.App.3d at p. 260) remains good law.

## C.    The Subsequent Attorney Fee and Sanctions Orders Must Also Be Reversed, with the Exception of the Sanctions under Code of Civil Procedure section 177.5

Vogel contends that, because VRS lacked standing to bring its petition under section 17200 in the first place, we must reverse not only the probate court's original order directing Vogel to pay VRS, but also its subsequent awards of attorney fees and sanctions imposed because Vogel failed to comply with the initial order.

We are reluctant to relieve Vogel from penalties he could have avoided by filing a timely appeal from the probate court's

10

original order granting VRS's petition rather than spending more than a year and a half refusing to comply.  On the other hand, the entire situation could have been avoided if VRS had sought to enforce its contract with Vogel by means of an appropriate action rather than an improper petition under section 17200.  And Vogel is correct that "a void order cannot be the basis for a valid contempt judgment." (*People v. Gonzalez* (1996) 12 Cal.4th 804, 817.)  Vogel called the lack of standing to the court's and VRS's attention as early as October 2022, in his opposition to VRS's motion to reinstate the initial order directing him to pay VRS.  He did so again at a hearing in May 2024, just before the court imposed $2,500 in sanctions for failing to produce documents in response to VRS's efforts to collect.  In addition to reversing the original order, we also reverse the probate court's subsequent orders requiring Vogel to pay additional attorney fees.

We do not reverse the court's February 14, 2024 order imposing $990 in sanctions on Vogel under Code of Civil Procedure section 177.5, however.  That statute gives courts "the power to impose reasonable money sanctions, not to exceed fifteen hundred dollars ($1,500), notwithstanding any other provision of law, payable to the court, for any violation of a lawful court order by a person, done without good cause or substantial justification." (*Ibid.*)  The court imposed those sanctions on Vogel not for failing to comply with its order to pay VRS, but for failing to appear in court and to file a timely response to the court's order to show cause.  Those latter requirements were not void, and Vogel had no justification for failing to comply.

## DISPOSITION

The probate court's order dated December 27, 2022, directing Vogel to pay fees and costs, is reversed; as are the

11

court's orders dated August 21, 2024, imposing $2,500 in sanctions and additional attorney fees.  The court's order dated February 14, 2024, imposing $990 in sanctions under Code of Civil Procedure section 177.5, is affirmed.  Vogel is awarded his costs on appeal.

NOT TO BE PUBLISHED


WEINGART, J.


We concur:


BENDIX, Acting P. J.


M. KIM, J.